NOT FOR PUBLICATION                    [Docket Nos. 20 & 21]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| FOAM FAIR INDUSTRIES, INC., | |
| Plaintiff, | |
| v. | Civil No. 08-3205 (RMB) |
| J.K. HACKL TRANSPORTATION SERVICES, INC., et al., | **OPINION** |
| Defendants. | |

Appearances:

Allan Maitlin, Esquire
Frank R. Cinquina, Esquire
Sachs, Maitlin, Fleming & Greene
80 Main Street
West Orange, New Jersey 07052-1067
     Attorneys for Plaintiff

Gina M. MacNeill, Esquire
Rawle & Henderson
One South Penn Square
Philadelphia, Pennsylvania 19107
     Attorney for Defendant

Jsmes A. Wescoe, Esquire
Rawle & Henderson LLP
40 Lake Center Executive Park, Suite 200
401 Route 73 North
Marlton, New Jersey 08053
     Attorneys for Defendant

Rose Marie DiMeo, Esquire
Law Office of Edward Keiper
401 Route 73 North
30 Lake Center, Suite 115
Marlton, New Jersey 08053
     Attorney for Defendant

**BUMB, United States District Judge**:

This matter comes before the Court upon motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), brought by the defendant, J.K. Hackl Transportation Services, Inc., ("Defendant Hackl") and the Plaintiff, Foam Fair Industries, Inc., (the "Plaintiff").  This lawsuit arose from the delivery of damaged goods to Plaintiff by Defendant Hackl, a motor carrier.  The issue now before the Court is whether, in accordance with the Carmak Amendment, 49 U.S.C. § 14706, its implementing regulations, 49 C.F.R. § 1005.2, and the operative bill of lading, Plaintiff discharged its duty to notify Defendant Hackl of its claim to recover for the damaged goods, which is a precondition to filing suit.  For the reasons stated herein, the Court holds that Plaintiff did discharge its duty to notify Defendant Hackl of its claim.  Accordingly, the motion for summary judgment by Defendant Hackl will be denied, and the motion for summary judgment by Plaintiff will be granted in part.

<b>LEGAL STANDARD</b>

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); Hersh v. Allen Products Co., 789 F.2d 230, 232 (3d Cir. 1986).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See Anderson

2

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "At the
summary judgment stage the judge's function is not . . . to weigh
the evidence and determine the truth of the matter but to
determine whether there is a genuine issue for trial."  Id. at
249.  "In making this determination, a court must make all
reasonable inferences in favor of the non-movant."  Oscar Mayer
Corp. v. Mincing Trading Corp., 744 F. Supp. 79, 81 (D.N.J. 1990)
(citing Meyer v. Riegel Products Corp., 720 F.2d 303, 307 n.2 (3d
Cir. 1983)).  However, "the party opposing summary judgment 'may
not rest upon the mere allegations or denials of the . . .
pleading'; its response, 'by affidavits or as otherwise provided
in this rule, must set forth specific facts showing that there is
a genuine issue for trial.'"  Saldana v. Kmart Corp., 260 F.3d
228, 232 (3d Cir. 2001) (quoting Fed. R. Civ. P. 56(e)).

## BACKGROUND

The relevant facts are largely undisputed.  Plaintiff
manufactures foam-related products at its plants in Pennsylvania
and New Jersey.  Prior to November 2005, Plaintiff purchased two
vertical automatic saws used to cut foam from Advanced Materials,
Inc., a California-based company.  Advanced Materials hired
Allegro Machinery Moving, Inc. ("Defendant Allegro") to
facilitate the loading, rigging, and delivery of the foam-cutting
machines to Plaintiff.  Defendant Allegro then subcontracted with
Defendant Hackl, a motor carrier, to transport the machines from

California to New Jersey.  The bill of lading identifies Defendant Hackl as the delivering carrier and Plaintiff's facility in Westville, New Jersey as the delivery destination.

Steven Burton, a driver for Defendant Hackl, began transporting the two machines on November 4, 2005.  The shipment arrived at Plaintiff's facility four days later, on November 8.  At the time of delivery, Plaintiff observed that the machines were damaged, discussed the damage with Burton, and noted the damage on the bill of lading.  Burton informed his supervisor of the damage.  Defendant Hackl then reported the incident to its insurer, Great West Casualty Co. Inc. ("Defendant Great West").  Defendant Great West then assigned an investigator/adjuster, Edward Sutton, III, ("Defendant Sutton") of Rapid Response Claims & Investigations, Inc., to investigate the damage.  Defendant Sutton inspected the shipment one day after delivery, on November 9, 2005.  Thereafter, Plaintiff was in communication, primarily by telephone and email, with Defendant Great West (mainly through its hired representative, Defendant Sutton), as well as Defendant Hackl, to recover for the cost of repairs to the damaged machines.  Importantly, the only written communication from Plaintiff to Defendant Hackl between November 8, 2005 and August 8, 2006 was an eight-page fax containing price quotes for repairs to the damaged machines.  During this period, Plaintiff believed that the parties were progressing toward full reimbursement for

4

the cost of repairing the damaged machines.  At some point after August 8, 2006, Defendants Hackl and Great West indicated to Plaintiff that they would not pay for the repairs.

Shortly thereafter, Plaintiff filed this lawsuit in the Superior Court of New Jersey, Gloucester County.  It was removed to federal court and then remanded in 2007.  After litigating the case for 18 months in state court, Plaintiff amended its complaint, which gave rise to a second timely removal to this Court in June 2008.  The parties have conducted discovery and now move for summary judgment.

## DISCUSSION

The Carmack Amendment, 49 U.S.C. § 14706, sets parameters for a common carrier's liability for goods damaged during shipment.  To recover for such damage, the Amendment's implementing regulations require notification of the carrier within the time specified on the bill of lading, 49 C.F.R. § 1005.2(a), namely, "within nine months after delivery of the property," according to the bill of lading operative here, (Contract Terms and Conditions § 2(b) [Dkt. Ent. 20, Ex. F]).  Under the regulations, proper notice must be in writing, identify the damaged goods, assert liability, and specify the payment sought.  49 C.F.R. § 1005.2(b).

The Third Circuit has not demanded strict compliance with these requirements, however.  The notice rule is to be construed

"liberally" and

> the standard for determining sufficiency is one of
> substantial performance.  The crux of the notice is
> whether it apprises the carrier of the basis for the
> claim and that reimbursement will be sought.  The purpose
> of the written claim requirement is to insure that the
> carrier may promptly investigate claims, and not to
> permit the carrier to escape liability.

S&H Hardware & Supply Co. v. Yellow Transp., Inc., 432 F.3d 550,

554 (3d Cir. 2005) (internal citations omitted).  Although the

Third Circuit has applied the notice requirement "flexibly," id.,

the Court has declined to eliminate it altogether when the common

carrier is aware of the damage despite the claimant's failure to

issue some kind of written notice.  Perini-North River Assoc. v.

C. & O. Ry., 562 F.2d 269, 272-273 (3d Cir. 1977).  In other

words, adequate notice must always: (1) be in writing, and (2)

"suppl[y] sufficient information upon which a prompt and complete

investigation [can] be based."  S&H Hardware, 432 F.3d at 554

(citing Thompson v. James G. McCarrick Co., 205 F.2d 897, 901

(5th Cir. 1953)).  Accordingly, the Court must decide here

whether Plaintiff discharged its obligation to issue, within nine

months of delivery, a written document that would reasonably have

informed Defendant Hackl of the need to conduct an investigation.

Plaintiff did indeed issue such a document.  The eight-page

document, dated February 22, 2006 and faxed from Plaintiff-

representative Alan Memmo to Defendant Hackl-representative Bryan

Hansen, was conveyed in the context of ongoing communications

with both Defendant Hackl and its insurer, Defendant Great West,
about the damaged goods delivered on November 8, 2005.  The
document begins with a cover-sheet message stating:  "Brian,
[sic] I am faxing you copies of Baumer's quote to repair damage
that is evident so far.  Thank you.  Alan Memmo."  (Fax from
Memmo to Hansen, 1 [Dkt. Ent. 20, Ex. L].)  Following the cover-
sheet are four pages of price quotes from the machines'
manufacturer, Baumer of America, Inc. (one page dated December 7,
2005, two dated January 17, 2006, and one dated January 18,
2006); a fax cover-sheet from Baumer to Memmo dated January 18,
2006 accompanied by a transmission confirmation; and a fax
transmission confirmation/cover-sheet from Memmo to Defendant
Great West-representative Ed Sutton dated January 27, 2006.  (Id.
at 2-8.)

　　　The eight-page document is notable for its specificity.  Its
purpose -- to convey "[price] quotes to repair damage" -- is set
out on the first page.  (Id. at 1.)  The document is clearly from
Plaintiff (faxed on Plaintiff's letterhead) and repeatedly states
which items are the subject of Plaintiff's claim (for example,
the document's second page states that it is a price quote for
"requested par[t]s for your ISM 2/2826"; the document's eighth
page is headed, "INSTALLATION REPORT FOR THE 2 ISM MACHINES!").[1]

---

　　　[1] An internet search reveals that ISM is the model of
machine, manufactured by Baumer of America, Inc., that was
damaged.

(Id. at 2, 8.)  In fact, the document's eighth page specifies that repair of the two machines is "FROM SHIPPING DAMAGE" caused, apparently, by the fact that "THE [MACHINE'S] TABLE WAS STRAPPED DOWN VERY BADLY AND BENT THE COMPLETE UPPER TABLE PART . . . ." (Id. at 8.)  Although the document does not use any "magic words" to demand payment of a specified amount, its very purpose -- readily apparent to a reasonable person -- is to convey an estimate of the cost Plaintiff sought to recover.  Indeed, a cost estimate is not only supplied; it is itemized in great detail. (Id. at 2, 6-8.)  The document far exceeds the minimal requirement that claimants provide written notice with sufficient information to enable the carrier to perform an investigation. See S&H Hardware, 432 F.3d at 554.

Defendant Hackl complains that the document does not formally assert that it is liable for the damaged goods.  The Third Circuit, however, requires only "substantial performance" of the notice requirement, see S&H Hardware, 432 F.3d at 554; accordingly, this omission does not disqualify the document as proper notice.  Of course, the reason that the document does not explicitly assert Defendant Hackl's liability is that it was sent in the context of Plaintiff's communications with both Defendants Hackl and Great West about recovering payment for the damaged

goods.[2]  Instructively, the Ninth Circuit has waived the normal
requirement that written notice include an assertion of liability
when the claimant's intent to hold the common carrier liable has
been conveyed by other means.  <u>Culver v. Boat Transit, Inc.</u>, 782
F.2d 1467, 1469 (9th Cir. 1986); <u>Taisho Marine & Fire Ins. Co.,
Ltd. v. Vessel Gladiolus</u>, 762 F.2d 1364, 1368 (9th Cir. 1985).
Here, however, the Court need not go so far.  It would have been
clear to a reasonable recipient of the February 22, 2006 document
-- even one not privy to the other communications between
Plaintiff and Defendants Hackl and Great West -- that Plaintiff
was seeking payment for the damaged goods.  Accordingly, the
document's omission of an explicit demand is not disqualifying.[3]

Plaintiff raises additional bases to substantiate a finding
that it provided adequate notice.  Plaintiff first argues that
the writings exchanged between Plaintiff and Defendant Great
West, Defendant Hackl's insurer, satisfy the notice requirement.
Plaintiff further argues that Defendant Hackl is equitably
estopped from claiming inadequate notice, since the post-delivery

_____

[2] In fact, Plaintiff avers by way of affidavit that the fax
was sent after Mr. Hansen called Mr. Memmo to request an estimate
of the repair costs.  (Memmo Aff. ¶ 20 [Dkt. Ent. 21:8]; Pl.'s
Stat. Mat. Fcts. ¶ 33.)  Because Defendant does not offer any
evidence to dispute this averment, (Def.'s Ctr.-Stat. Mat. Fcts.
¶ 33), the Court takes it as true.  <u>See</u> Fed. R. Civ. P. 56(e)(2).

[3] It is inapposite that the February 22, 2006 document was
not <u>intended</u> to convey notice of Plaintiff's claim, since a
claimant's intention is not dispositive under the liberal
standard of <u>S&H Hardware</u>, 432 F.3d at 554.

9

contact with Plaintiff by both Defendants Hackl and Great West proceeded as if adequate notice had been provided.  The Court finds both of these arguments to be persuasive, but need not discuss them at length since Plaintiff's February 22, 2006 fax to Defendant Hackl itself satisfied the notice requirement.

### CONCLUSION

Accordingly, the Court finds that the notice requirement does not present a bar to Plaintiff's recovery in this proceeding.  However, the unresolved matters of liability and damages present genuine issues of material fact for trial.  Thus, Defendant Hackl's motion for summary judgment will be denied, and Plaintiff's motion for summary judgment will be granted in part. An appropriate order will issue herewith.

Dated: August 28, 2009            s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  United States District Judge